**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD J. CORBETT, | |
| Petitioner, | Civil Action No. 22-796 (KMW) |
| v. | **MEMORANDUM ORDER** |
| LAMINE N'DIAYE, | |
| Respondent. | |

This matter comes before the Court on Petitioner Richard J. Corbett's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible for additional pre-trial jail credits towards his sentence. (*Id.*) Through a second claim, Petitioner also sought to have the Court order that all involved in the prison grievance system be retrained in proper procedures, asserting that current practice amounted to a denial of access to the courts. (*Id.*) In responding to the petition, the Government argued that Petitioner's habeas petition was barred as he had failed to exhaust his administrative remedies, was subject to dismissal under the doctrine of collateral estoppel as Petitioner had already raised the issue to his sentencing court and been denied the relief he sought, and that Petitioner's grievance system claim was not cognizable in a habeas petition. (ECF No. 7 at 11-21.)

Putting aside the issue of exhaustion or the merits of Petitioner's jail credit claim, in its answer, the Government noted that Petitioner's projected release date was in February 2023. (*See* ECF No. 4 at 6.)  According to the Bureau of Prison's publicly available records, Petitioner was in fact released from prison on February 14, 2023.  *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed 2/15/2023).  If the information in the database is correct, it appears that the credits Petitioner sought may no longer be available as he is no longer incarcerated or able to receive them.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'"  *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release.  *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).  As it appears that Petitioner has been released, and may therefore be unable to accrue the benefit he sought in the form of jail credits, this matter may well be moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. The Government shall therefore update the Court as Petitioner's release, as well as to their position on the mootness of this matter within fourteen days.  Should the Government argue that this matter is subject to dismissal on mootness grounds, any such request should be accompanied by sufficient documentation to establish the mootness of Petitioner's claims.

Finally, the Court agrees that it is without jurisdiction in this habeas matter to address Petitioner's claim asserting that the prison grievance system violated his right of access to the

...

courts under the First Amendment.[1]  While a habeas petition may be used to challenge the validity or length of a period of detention, conditions of confinement may generally not be litigated through a habeas matter unless the nature of the claim falls within the "core of habeas" insomuch as relief for the claim would result in the aggrieved party's release or the shortening of his period of detention.  *See, e.g., Alexis v. Ortiz*, 2019 WL 2367034, at *2 (D.N.J. June 5, 2019).  The proper means for bringing a claim asserting a violation of a prisoner's civil rights which does not seek release or a reduced sentence is a civil rights matter filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  *Alexis*, 2019 WL 2367034 at *2; *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002.)  Because Petitioner's access to courts claim based on alleged improprieties in the grievance system neither sought nor could have resulted in the reduction or termination of his sentence, it does not lay within the core of habeas, and this Court has no jurisdiction to address such a claim in a habeas matter.  *Leamer*, 288 F.3d at 542; *Alexis*, 2019 WL 2367034 at *2.  Petitioner's access to the courts claim is thus dismissed without prejudice for lack of jurisdiction.  To the extent Petitioner wishes to pursue such a claim, he must do so by filing a separate civil rights matter.

    **IT IS THEREFORE** on this 28th day of March, 2023,

    **ORDERED** that Petitioner's grievance-related access to the courts claim is **DISMISSED WITHOUT PREJUDICE** for lack of habeas jurisdiction over that claim; and it is further

    **ORDERED** that the Government shall update this Court as to Petitioner's current status within fourteen days; and it is further

---

[1] The Court addresses this claim separately and prior to the Government's response as to mootness as it depends on an allegedly already completed violation of Petitioner's rights, and Petitioner neither seeks nor could receive release or a reduced sentence through this claim, and the controversy involved is thus not affected by Petitioner's apparent release.

**ORDERED** that the Government shall inform the Court whether Petitioner's apparent release renders his current habeas petition moot and shall supply documentary evidence in support of any such argument; and it is further

**ORDERED** that Petitioner may file a response to the Government's filing within seven days of its filing; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the upon the Government electronically and upon Petitioner by regular mail.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge