**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD J. CORBETT,

        Petitioner,

v.

LAMINE N'DIAYE,

        Respondent.

Civil Action No. 22-796 (KMW)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner Richard J. Corbett's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible for additional pre-trial jail credits towards his sentence. (*Id.*) Through a second claim, Petitioner also sought to have the Court order that all involved in the prison grievance system be retrained in proper procedures, asserting that current practice amounted to a denial of access to the courts. (*Id.*) On March 28, 2023, this Court entered an order dismissing Petitioner's grievance related claim for lack of habeas jurisdiction. (ECF No. 9.) In that order, this Court also directed the Government to address whether Petitioner's remaining, credits related claim had become moot as it appeared that Petitioner had been released from prison. (*Id.*)

On April 5, 2023, the Government filed its response to that order. (ECF No. 10.) In its response, the Government confirms that Petitioner was released from prison on February 14, 2023,

and provided documentation to support that confirmation. (*Id.*; ECF No. 10-1 at 1-2.) As it is clear that Petitioner is no longer in prison, and can no longer benefit from the jail credits he sought in his remaining habeas claim, the Government therefore requests that this matter be dismissed as moot. (ECF No. 10.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner has been released from prison and therefore cannot accrue the benefit he sought in his jail credit claim, this Court no longer has a meaningful opportunity to provide Petitioner with relief and Petitioner no longer has a persisting concrete injury. This matter shall therefore be dismissed as moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

**IT IS THEREFORE** on this ___ day of April, 2023,

**ORDERED** that Petitioner's remaining habeas claim is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address.

Hon. Karen M. Williams,
United States District Judge